UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DELILAH GONZALEZ,

                            Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                          18-CV-674L

                            v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On May 23, 2014, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since June 8, 2013. Her application was initially denied. Plaintiff requested a hearing, which was held via videoconference on March 2, 2017 before Administrative Law Judge ("ALJ") John L. Melanson. (Administrative Transcript, Dkt. #6 at 12).

The ALJ issued a decision on April 7, 2017, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 12-20). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 16, 2018. (Dkt. #6 at 1-4). Plaintiff now appeals. The plaintiff has moved for judgment remanding the matter (Dkt. #9), and the Commissioner has cross moved (Dkt. #11) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the

Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

I. **Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

II. **The ALJ's Decision**

The ALJ found that the plaintiff the severe impairment of patellofemoral syndrome (pain in and around the kneecap). Noting that plaintiff's records also reflected treatment for the mental impairments of depression and anxiety, the ALJ determined that with respect to plaintiff's mental impairments, she has no limitations in understanding, remembering and applying information; no limitations in interacting with others; no limitations in concentration, persistence and pace; and mild limitations in adapting and managing herself.

The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform a full range of light work. When the ALJ presented this RFC as a hypothetical to vocational expert Jane A. Gerrish at the hearing, the vocational expert opined that such an individual could perform plaintiff's past relevant work as a cake decorator and cashier II, and could also perform the representative light, unskilled occupation of linen grader. (Dkt. #6 at 18). The ALJ accordingly concluded that plaintiff was not disabled.

### III. Issues on Appeal

Initially, plaintiff argues that the ALJ failed to properly evaluate the impact of her severe impairments – specifically, her Legg-Perthes disease (a hip disorder resulting in pain, gait disturbance and leg length discrepancy) – on her ability to work.

The Court disagrees. The ALJ did consider the impact of plaintiff's Legg-Perthes disease, and concluded, based on objective testing showing a successful left hip replacement surgery, MRI studies of plaintiff's lumbar spine showing only mild or minimal changes, X-rays of plaintiff's lumbar spine and feet showing no abnormalities, X-rays of plaintiff's knees showing only a mild patellar tilt, normal EMG studies of plaintiff's lower extremities, and treatment notes assessing plaintiff's hip function as "satisfactory," that plaintiff's Legg-Perthes disease did not significantly impact her ability to perform work-related functions. (Dkt. #6 at 287, 312, 314, 332, 352, 385, 388, 397-98, 414, 426, 430). Given that the ALJ's finding was explained in detail and well-supported by objective evidence of record, I decline to disturb it.

Plaintiff also alleges that her gait disturbances have required her to use a cane, and argues that the ALJ's RFC finding fails to sufficiently account for it. The Court notes that while the need to use a cane may impact an individual's ability to perform the exertional requirements of work, *see e.g., Wright v. Colvin*, 2015 U.S. Dist. LEXIS 98978 at *16 (W.D.N.Y. 2015), there is no indication in the record that plaintiff has been recently prescribed, or is always required to use, a cane — only that she made periodic, voluntary use of one at medical and psychiatric appointments, and that she told examining physician Dr. Abrar Siddiqui that she always uses a cane (a statement belied by her psychiatric and neurosurgical treatment records, which specifically note some occasions plaintiff presented without a cane, brought one but did not use it, or described

its use as necessary only for walking "very long distances outdoors"). *See e.g.*, Dkt. #6 at 287, 332, 393, 411, 426, 430. Indeed, plaintiff did not use a cane at her hearing. (Dkt. #6 at 63).

Here, as plaintiff's counsel conceded, there is no indication in any of plaintiff's treatment records that she was prescribed a cane (Dkt. #6 at 50), and as such, the ALJ did not err in his determination that "the need for a cane [was not] clearly established by the evidence." (Dkt. #6 at 19). *See generally* Social Security Ruling 96-9p, 1996 SSR LEXIS 6 (July 2, 1996) ("[t]o find that a hand-held device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed"). *See also Palmer v. Colvin*, 2016 U.S. Dist. LEXIS 137760 at *54-*55 (Mid. Dist. Pa. 2016) (where there is no evidence that claimant required or was prescribed a cane by any physician, ALJ's finding that plaintiff can perform light work is proper).

Plaintiff also claims that the ALJ erred when he failed to find that plaintiff's depression and/or anxiety were "severe impairments," and when he declined to credit the February 9, 2017 opinion of plaintiff's treating psychiatrist, Dr. Sanjay Gupta, that plaintiff suffers from bipolar disorder and panic disorder causing marked restrictions in activities of daily living, extreme difficulties in social functioning and concentration, persistence and pace, has had at least three episodes of decompensation within a year, and would miss more than four days of work per month. (Dkt. #6 at 18, 556-59).

The ALJ assigned no weight to the opinion of Dr. Gupta, observing that "the evidence, including the doctor's own records, does not support that degree of severity." (Dkt. #6 at 18). The Court concurs. Initially, Dr. Gupta's opinion is unsupported by any clinical testing, or by any narrative explanation of how plaintiff's symptoms would be expected to pose limitations as extreme as those indicated in his report. Furthermore, as the ALJ observed, with the exception

4

of periods in which plaintiff was reacting to dramatically adverse events in her personal life, plaintiff's mental status examinations with Dr. Gupta were largely normal, and her symptoms were typically described as stable.[1]

Furthermore, consulting psychiatrist Dr. Gregory Fabiano, whose opinion the ALJ gave "considerable" weight, examined plaintiff, summarized her self-reported psychiatric history and symptoms, administered memory tests, and concluded that plaintiff's limitations were no more than mild to moderate, and extended to the areas of maintaining attention and concentration, making appropriate decisions, relating adequately with others, and appropriately dealing with stress. (Dkt. #6 at 307).

Assuming *arguendo* that the ALJ erred when he declined to find that plaintiff's depression and/or anxiety were severe impairments which caused at least mild-to-moderate mental limitations, such error would be harmless, since at least two positions identified by the vocational expert – plaintiff's past relevant work as a cashier II, and the additional position of linen grader –

---

[1] *See e.g.*, Dkt. #6 at 409 (April 9, 2016: "Mood is neutral . . . No significant depressive symptoms"); 411 (March 9, 2015: "Mood is mildly irritable . . . Organized thought process . . . Mildly symptomatic"); 413 (January 7, 2015: "Psychologically stable"); 414 (October 29, 2014: "somewhat anxious . . . No suicidal or homicidal ideation"); 415 (June 26, 2014: "Fairly stable"); 417 (May 29, 2014: "Condition: Stable"); 419 (April 24, 2014: "patient notes that she went with the family to Key West Florida, she had a good trip . . . Condition: Relatively stable . . . Mood is improved"); 421 (March 31, 2014: "patient notes that she was doing better on Zyprexa . . . going to Florida to take her daughter to Disney"); 422 (February 24, 2014: "Mood is elevated and affect is irritable . . . Organized thought process . . . No psychosis . . . Judgment and insight are fair . . . Denies any suicidal or homicidal ideation"); 424 (January 27, 2014: "significant issues between her husband who is just released from jail and a boyfriend Adam who lives here . . . No other significant issues were reported except for irritability"); 426 (December 30, 2013: "[medication] is helping her but still not sleeping well . . . Mood is less irritable"); 428 (December 11, 2013: patient reports "I like the new medicine . . . makes me feel good"); 475 (February 24, 2016: "compliant with her medicines . . . Organized thought process . . . Judgment and insight are fair . . . Condition: Stable"); 479 (January 6, 2016: "had a good Christmas . . . Condition: Stable"); 500 (September 21, 2015: "Mood is neutral . . . Judgment and insight fair . . . Condition: Stable"); 513 (July 6, 2015: "Mood is neutral . . . Judgment and insight are fair . . . Condition: Stable"); 526 (May 4, 2015: "patient notes she is doing well . . . Mood is improved . . . Judgment and insight are fair . . . Condition: Stable"); 545 (January 23, 2017: "patient notes she is doing much better . . . Mostly concerned about insomnia . . . No other significant symptoms at the present time"); 546 (January 12, 2017: "patient notes she is doing much better . . . Mood is improved"); 547 (January 5, 2017: "hospitalized because of an overdose . . . Mood is anxious . . . Condition: Psychosis"); 548 (October 13, 2016: "some legal issues but otherwise doing well . . . Mood is less irritable . . . Judgment and insight are fair"); 549 (September 14, 2016: "Mood is anxious [due to nightmares concerning a prior assault] . . . Judgment and insight are fair"); 550 (August 1, 2016: "somewhat better but still has a lot of racing thoughts . . . somewhat anxious") 551 (June 23, 2016: "Mood is neutral . . . Condition: Relatively stable").

are unskilled, and could be performed by an individual with moderate or lesser limitations in work-related mental functioning. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (no error where ALJ found plaintiff able to work despite "moderate" limitations in social functioning, attention and concentration); *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (moderate limitations in work-related functioning do not prevent a plaintiff from performing unskilled work); *Gossom v. Commissioner*, 2019 U.S. Dist. LEXIS 101691 at *16 (W.D.N.Y. 2019) (same); *Race v. Commissioner*, 2016 U.S. Dist. LEXIS 80855 at *14 (N.D.N.Y. 2016) (same).

I have considered the remainder of plaintiff's arguments, and find them to be without merit. I find that the ALJ's decision that plaintiff – at the time of alleged onset a 30-year-old woman with a high school education and past relevant work as a cashier and cake decorator – was not disabled, is supported by substantial evidence, and that to the extent it contained any legal error, such error was harmless.

## CONCLUSION

For the forgoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 9, 2019.